# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| J.P. MORGAN SECURITIES LLC, | Case No. 2:25-cv-01270-ART-EJY |
| Plaintiff, | |
| vs. | **ORDER GRANTING** |
| LORRAINE B. CALCOTE, | **CONSENT STIPULATED ORDER** |
| Defendant. | |

IT IS HEREBY ON CONSENT STIPULATED AND AGREED by and between the undersigned attorneys of record for plaintiff J.P. Morgan Securities LLC ("JPMorgan" or "Plaintiff") and defendant Lorraine B. Calcote ("Defendant") and therefore ORDERED as follows:

1. Defendant, and all those acting in concert with her, are hereby enjoined and restrained, directly or indirectly from:

   (a) soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan client serviced by Defendant at JPMorgan or whose name became known to Defendant by virtue of her employment with JPMorgan (or any of its affiliates or predecessors in interest), excluding only those clients she formally serviced as broker of record at a prior firm and immediate family members; and

   (b) using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees, and/or JPMorgan's clients that were obtained while employed at JPMorgan (or its affiliates and predecessors in interest).

2. Within five (5) business days of the execution by the Parties of this Consent Stipulated Order, Defendant, and all those acting in concert with her, are further ordered to return to JPMorgan (through its undersigned attorneys) all records, documents, and/or information in whatever form (whether original, copied, computerized, electronically stored or handwritten), if any, pertaining to JPMorgan's clients, employees and business in her possession, custody and/or control that were obtained during Defendant's employment with JPMorgan (or its affiliates or

predecessors in interest), excluding documents and/or information (a) received by Defendant after she became employed by Wells Fargo Clearing Services, LLC ("Wells Fargo") from JPMorgan clients, or (b) obtained from publicly available sources after she became employed by Wells Fargo (which were not made publicly available through any conduct by Defendant), and without using any JPMorgan records, documents, and/or information in whatever form, whether copied, computerized, electronically stored or handwritten.

3. This Consent Stipulated Order is binding upon Defendant, her agents, and all those in active concert or participation with her who receive actual notice of this Consent Stipulated Order.

4. By entering into this Consent Stipulated Order, and by consenting to this Consent Stipulated Order being "So Ordered" by the Court, Defendant does not agree to or admit any liability or acknowledge any wrongdoing, nor shall entering into such Consent Stipulated Order be deemed to be an admission of any liability or acknowledgement of any wrongdoing by any party. JPMorgan and Defendant further stipulate that the Court, by "So Ordering" this Consent Stipulated Order, does not make any findings of fact or any determination as to liability, and further it is not making any findings as to whether Defendant violated her agreements with JPMorgan.

5. JPMorgan and Defendant further stipulate that the parties waive their right to a temporary injunction hearing, and that this Court need take no further action on JPMorgan's request for a temporary injunction or for expedited discovery (other than "So Ordering" this Consent Stipulated Order).

6. This Consent Stipulated Order shall remain in full force and effect until such time as a FINRA Dispute Resolution arbitration panel rules on JPMorgan's request for permanent injunctive relief (either after a hearing on the merits or pursuant to an agreement between the parties).

7. This Consent Stipulated Order is without prejudice to the rights, remedies, claims, counterclaims, or defenses of any party hereto, and no party hereto shall argue in the FINRA arbitration that this Consent Stipulated Order precludes the making of any substantive argument in the FINRA arbitration.

8.  Although FRCP Rule 65(c) requires that security be provided to secure a preliminary injunction, the parties waive the necessity of a bond.

9.  The parties shall proceed to arbitration before FINRA Dispute Resolution.

10. This action shall be stayed until such time as a FINRA Dispute Resolution arbitration panel rules on JPMorgan's request for permanent injunctive relief, or until agreement of the parties, after which time the parties shall file a notice of dismissal with this Court within fourteen (14) days.

This Order is issued this __30th__ day of July, 2025.

IT IS SO ORDERED:

_____
Anne R. Traum
U.S. District Court Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Dated: July 28, 2025

| WRIGHT, FINLAY & ZAK, LLP | GARMAN TURNER GORDON LLP |
|---|---|
| /s/ Jory C. Garabedian | /s/ Eric R. Olsen |
| Christina V. Miller, Esq. | ERIC R. OLSEN |
| Nevada Bar No. 12448 | Nevada Bar No. 3127 |
| Jory C. Garabedian, Esq. | JARED M. SECHRIST |
| Nevada Bar No. 10352 | Nevada Bar No. 10439 |
| 8337 W. Sunset Road, Suite 220 | 7251 Amigo Street, Suite 210 |
| Las Vegas, Nevada 89113 | Las Vegas, Nevada 89119 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *J.P. Morgan Securities LLC* | *Lorraine B. Calcote* |

**LORRAINE B. CALCOTE**

_____
Lorraine B. Calcote